**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**VINOTH NAGESHWARAN,**

***Plaintiff,***

**v.**

**MARY ELIZABETH BRENNAN SENG, *et al.*,**

***Defendants.***

**Case No. 8:26-cv-00776-JRR**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on Defendants' Motion to Transfer and for Extension of Time at ECF No. 5 (the "Motion") in which they ask this court to transfer this case to the Eastern or Northern District of Texas pursuant to 28 U.S.C. § 1404 and grant an extension of time from any transfer date for Defendants to respond to Plaintiff's Complaint. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I. BACKGROUND

Plaintiff Vinoth Nageshwaran, a resident of Texas, initiated the instant action against Defendants, officers of U.S. Citizenship and Immigration Services ("USCIS") headquartered in Maryland, alleging that USCIS—specifically its Texas Service Center—improperly denied his I-140 Petition for Alien Worker ("I-140 EB-1A petition") pursuant to the so-called "*Kazarian* policy." (ECF No. 1 ¶¶ 1–2, 6, 10, 12, 26–29.) According to Plaintiff, USCIS adopted the nationwide *Kazarian* policy, following the Ninth Circuit's decision in *Kazarian v. U.S. Citizenship and Immigration Services*, 596 F.3d 1115 (9th Cir. 2010), imposing a two-step test on adjudication of EB-1A petitions nationwide. *Id.* ¶¶ 2, 6, 21–23. Based on the *Kazarian* decision, USCIS "adopted a new procedure for adjudicating EB-1A petitions nationwide," thus, according to

Plaintiff, adopting a change in agency policy without notice and comment rulemaking and in violation of Section 553 of the Administrative Procedure Act ("APA"). *Id.* ¶ 23.

Plaintiff raises three causes of action, asserting that USCIS's decision to apply the *Kazarian* policy to his I-140 EB-1A petition was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the APA, 5 U.S.C. §706 (Count I), and that USCIS's adoption of the so-call *Kazarian* policy violates the APA, 5 U.S.C. §§ 553, 706 (Counts II and III). Plaintiff asks this court, *inter alia*, to:

> Declare that the denial of his EB-1A I-140 petition violates the APA, the INA and its attendant regulations, is *ultra vires*, erroneous as a matter of law, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process;
>
> Issue an order directing Defendants to reopen and approve his EB-1A I-140 petition; [and]
>
> . . .
>
> Declare that defendant USCIS's "*Kazarian* policy" and related two-step test are improper under the APA for failure to comply with 5 U.S.C. §553(b) and/or for being in impermissible interpretation and constraint of 8 U.S.C. §1153(b)(1)(a), and abrogate the policy as such[.]

*Id.* at p. 12. At issue here, Plaintiff brings the instant action in this court pursuant to 28 U.S.C. § 1391(e)(1)(C) because "USCIS is headquartered in Camp Springs, Maryland (within this judicial district) and this lawsuit challenges the USCIS *Kazarian* EB-1A Step 2 policy." *Id.* ¶ 10.

On July 6, 2026, Defendants filed the instant Motion to transfer this action to the Eastern or Northern District of Texas and for an additional 60 days to respond to Plaintiff's Complaint following transfer, or, in the event the court declines to transfer, from entry of the order on the Motion. Plaintiff opposes Defendants' request to transfer and does not respond to Defendants' request for extension. (ECF No. 6.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1391(e)(1), a plaintiff may bring a civil action against an officer or agency of the United States "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Nonetheless, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "In a motion to transfer venue pursuant to § 1404(a), the moving party bears the burden of showing, by a preponderance of the evidence, that transfer to another venue is proper." *Kimber v. Plus3 IT Sys., LLC*, No. CV ELH-18-3046, 2019 WL 1518970, at *3 (D. Md. Apr. 5, 2019). Ultimately, "[t]he decision whether to transfer is committed to the sound discretion of the trial court." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008).

As a threshold matter, transfer under § 1404(a) may only occur where the transferee court is one where the case "might have been brought." 28 U.S.C. § 1404(a); *see Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 132 (D. Md. 2024) (noting the statutory language of § 1404(a) requires that "the transferee court must be a court in which the action could have been brought initially") (quoting *Kimber*, 2019 WL 1518970, at *3). Inasmuch as Plaintiff agrees this action may have been brought in the proposed transferee courts, this threshold matter is satisfied. (ECF No. 6 at p. 2.) The court's opinion therefore turns on consideration of the 28 U.S.C. § 1404(a) factors, which include: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and

access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

## III. ANALYSIS

Defendants move to transfer this action to the Eastern or Northern District of Texas pursuant 28 U.S.C. § 1404. Defendants point to multiple cases where this court has transferred actions based on a plaintiff's assertion of improper delay in adjudicating various immigration applications. *See, e.g.*, *Bulut v. United States Dep't of Homeland Sec.*, No. 8:23-CV-00995-PX, 2023 WL 5153638, at *1 (D. Md. Aug. 10, 2023); *Karaoglu v. United States Dep't of Homeland Sec.*, No. CV DKC 23-749, 2023 WL 4627277, at *1 (D. Md. July 19, 2023); *Anukwu v. Jaddou*, No. CV DKC 23-713, 2023 WL 3979310, at *1 (D. Md. June 13, 2023); *Manne v. Jaddou*, No. CV 21-1092 PJM, 2022 WL 102853, at *2 (D. Md. Jan. 11, 2022). *See also, e.g.*, *Karaoglu v. United States Dep't of Homeland Sec.*, No. CV DKC 23-749, 2023 WL 4627277, at *1 (D. Md. July 19, 2023); *Dhimar v. Blinken*, No. CV 22-2175-PJM, 2022 WL 17540972, at *1 (D. Md. Dec. 8, 2022); *Chakrabarti v. United States Citizenship & Immigr. Servs.*, No. CV 21-1945 PJM, 2021 WL 4458899, at *6 (D. Md. Sept. 29, 2021). Indeed, these cases support that "[t]he appropriate forum for challenging unreasonable delay . . . is the federal district court encompassing the relevant USCIS service center or field office." *Bulut*, 2023 WL 5153638, at *1.

In *Karaoglu*, the Honorable Deborah K. Chasanow of this court aptly summarized:

> Since USCIS relocated its headquarters from the District of Columbia to Maryland in December 2020, many immigration cases have been filed in this district solely because the headquarters are here. In a comprehensive opinion, Judge Peter J. Messitte explained why a case brought by nearly 200 plaintiffs seeking expedited adjudication of their employment-based visa applications would be severed into individual actions and transferred to the federal district covering the service center or field office where each application was pending. *See generally Chakrabarti v. USCIS*, No. 21-CV-1945-PJM, 2021 WL 4458899 (D. Md. Sept. 29, 2021). Several

> more cases involving visa applications were transferred for reasons stated in *Manne v. Jaddou*, No. 21-CV-1947-PJM, 2022 WL 102853 (D. Md. Jan. 11, 2022). *See also Dhimar v. Blinken*, No. 22-CV-2175-PJM, 2022 WL 17540972, at *1 n.1 (D. Md. Dec. 8, 2022) (noting that more than 40 lawsuits were filed in this district challenging allegedly unreasonable delay by U.S. consulates processing visas, all of which were either transferred to the United States District Court for the District of Columbia or voluntarily dismissed); *Hasan v. Garland*, No. 22-CV-00767-LKG, 2022 WL 17851940, at *2-3 (D. Md. July 15, 2022) (transferring action to Plaintiff's home state and district where application was pending).

*Karaoglu*, 2023 WL 4627277, at *1.

Against this backdrop, Defendants move to transfer the instant action. They contend that, as in the above-referenced cases, transfer is warranted here where Plaintiff resides in Texas, filed his I-140 EB-1A petition in Texas, and had his I-140 EB-1A petition adjudicated and denied in Texas; and thus "[a]ny pertinent administrative records are located there." (ECF No. 5-1 at p. 2.) Plaintiff counters that this action is distinct from those Defendants cite because "[h]e is challenging the USCIS national policy that dictated how the USCIS adjudicator performed his or her adjudication." (ECF No. 6 at p. 4.) As discussed at greater length below, the court agrees that this case, which presents a challenge to a nationwide USCIS policy—seeking a declaration that it is unlawful and that it be vacated—distinguishes it from the cases discussed above.

**A. Plaintiff's Choice of Venue**

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Tr. of the Plumbers and Pipefitters Nat. Pension Fund*, 791 F.3d at 444 (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). "Indeed, unless the balance of factors points 'strongly in favor of the defendant, the plaintiffs' choice of forum should rarely be disturbed.'" *Kimber v. Plus3 IT Sys., LLC*, No. CV ELH-18-3046, 2019 WL 1518970, at *4 (D. Md. Apr. 5, 2019) (quoting *Collins v. Straight,*

*Inc.*, 748 F.2d 916, 921 (4th Cir. 1984)). "This is particularly true where 'the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action.'" *Id.* (quoting *comScore, Inc. v. Integral Ad Science, Inc.*, 924 F. Supp. 2d 677, 682 (E.D. Va. 2013)). In contrast, "in cases in which 'none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy,' deference is less appropriate." *Manne v. Jaddou*, No. CV 21-1092-PJM, 2022 WL 102853, at *7 (D. Md. Jan. 11, 2022) (quoting *United States ex rel. Salomon v. Wolff*, 268 F. Supp. 3d 770, 774-75 (D. Md. 2017)). Ultimately, "[t]he deference accorded to the plaintiff's choice of forum should be proportional to the relationship between the forum and the cause of action[,] and is lower when the plaintiff is not [a] citizen of the state or the case does not otherwise have 'significant ties' to the forum." *Doe v. Choice Hotels Int'l, Inc.*, No. CV 24-3769-TDC, 2025 WL 2468510, at *11 (D. Md. Aug. 27, 2025).

Defendants contend Plaintiff's choice of forum should be afforded little or no weight because "Maryland is not Plaintiff's home forum, none of the conduct at issue occurred in Maryland, and Maryland does not have, nor will it ever have (if the relief sought in the Complaint were to be granted), any connection with the matter in controversy." (ECF No. 5-1 at p. 5.) While Defendants are correct that, in cases relating to USCIS adjudication of immigration petitions, this court has repeatedly afforded little weight to a plaintiff's choice of venue when the sole basis for venue in this court is USCIS Maryland headquarters, *see Dhimar*, 2022 WL 17540972, at *2 (noting that "the fact that USCIS is headquartered here . . . alone is insufficient to establish proper venue in Maryland"), Defendants' argument minimizes that Plaintiff challenges a nationwide USCIS policy and seeks its abrogation on grounds of unlawfulness. Indeed, Plaintiff's policy challenge is squarely central to his Complaint inasmuch as his claim that USCIS violated the APA

by denying his Form I-140 EB-1A petition is based solely on application of the so-called *Kazarian* policy.

Plaintiff does not merely complain about the impact of discretionary implementation of a USCIS service center broad policy on his I-140 EB-1A petition. *See, e.g.*, *Manne*, 2022 WL 102853, at *7 (affording little weight to plaintiffs' choice of Maryland venue because complaint "[m]erely alleg[es] that broad USCIS policy might impact the decisionmaking of USCIS officers in various service centers and field offices around the country [which] is insufficient to anchor venue in Maryland"); *Chakrabarti*, 2021 WL 4458899, at *4 (noting that asserted challenge to "broader agency policy" was not set forth in the pleading, and complaint was merely that "applications are not being acted upon with sufficient dispatch, a claim that every visa applicant could make in every type of visa case where there is apparent delay"); *Ike v. United States Citizenship & Immigr. Servs.*, No. 20-CV-1744 (CRC), 2020 WL 7360214, at *3 (D.D.C. Dec. 15, 2020) (finding factor favored transfer where plaintiff "challenges the agency's determination that he did not meet [the applicable] standard," not "the standard itself" and where complaint did not "refer to any specific USCIS policy or directive that might have caused the Texas Service Center to deny [his] petition"); *Pasem v. United States Citizenship & Immigr. Servs.*, No. 20-CV-344 (CRC), 2020 WL 2514749, at *4 (D.D.C. May 15, 2020) (finding factors favored transfer where plaintiffs did not challenge "the legality of the biometric screening policy," but instead "its implementation and effect on dozens of plaintiffs who have applied for visas across the country"). This case is materially distinguishable from those upon which Defendants rely.

Indeed, "those cases are inapposite because they did not involve direct challenges to nationwide policies." *Yazdan Pouri v. U.S. Dep't of Homeland Sec.*, No. 26-CV-1339, 2026 WL 1508425, at *4 (D.D.C. May 30, 2026). The court agrees with Plaintiff that this case is in the

(perhaps rare) category where his headquarters-based choice of this forum ought to be afforded deference because his claims turn on the legality of a policy issued from USCIS headquarters and its application to his I-140 EB-1A petition. *See Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 56 (D.D.C. 2011) (noting that where allegations supported that "officials at the USCIS Texas Service Center denied Plaintiffs' I–485 applications based on policy guidance issued from USCIS headquarters in the District of Columbia," and plaintiffs challenged application of those specific policies, such consideration weighed against transfer). *See also Udoh v. Garland*, No. CV 21-1716 (RDM), 2021 WL 5310543, at *3 (D.D.C. Nov. 15, 2021) (acknowledging that "cases involving national immigration policies—and, in particular, policies developed or promulgated in the District of Columbia—are often maintained in" D.C. as then location of USCIS headquarters, but finding transfer warranted where the case before it "turn[ed] on the specific facts of Plaintiff's petition and the specific action taken by the Texas Service Center"); *Salha v. United States Dep't of Homeland Sec.*, No. 20-CV-1102 (KBJ), 2020 WL 5505350, at *2 (D.D.C. Sept. 11, 2020) (declining transfer in part where "the claims in [plaintiff's] complaint focus primarily on allegedly unlawful policy decisions made in Washington, D.C.—and not the actions of officials at the National Visa Center in New Hampshire"); *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 270 (D.D.C. 2018) (noting that were plaintiff "directly challenging CARRP" or "[p]erhaps even challenging the Dallas Field Office's application of CARRP," "the interests of justice" would weigh against transfer, but that was not persuasive there where such challenge was "nowhere to be found in Plaintiff's Complaint, which never once attributes USCIS's delay to that policy").

The court therefore does not find the first factor weighs in favor of the requested transfer.

**B. Witness Convenience/Access and Convenience of the Parties**

The second and third factors require the court to consider the convenience of witnesses and the parties, respectively. Because the arguments and issues pertaining to any potential witness convenience are limited to the parties and Defendants' employees, the court finds it efficient to analyze the two factors together. Ultimately, these factors are of little consequence in considering the Motion. It is undisputed that the record in this case will likely consist entirely of the administrative record and documents regarding USCIS adoption of the nationwide *Kazarian* policy. *See Manne*, 2022 WL 102853, at *7 ("In a case involving review of an agency action, the location of witnesses is not a significant factor, but the location of the administrative record . . . carries some weight.") (quoting *Melnattur v. United States Citizenship & Immigr. Servs.*, No. CV 20-3013 (JDB), 2021 WL 3722732, at *7 (D.D.C. Aug. 23, 2021)).

While Plaintiff's claim regarding his I-140 EB-1A petition may, alone, favor transfer—*see, e.g.*, *Karaoglu*, 2023 WL 4627277, at *3 (favoring transfer where "[n]one of the records or potential witnesses, and none of the active parties, are located here"); *Dhimar*, 2022 WL 17540972, at *2 (favoring transfer because "that is where any U.S.-based records and witnesses are most likely to be located"); *Manne*, 2022 WL 102853, at *8 (favoring transfer "given that the administrative record and witnesses are currently located in other federal judicial districts, and for all intents and purposes, would appear to remain there")—this, again, is not persuasive where Plaintiff challenges USCIS adoption of the *Kazarian* policy in violation of the APA—a decision made by USCIS headquarters, not individual service centers.

Accordingly, the court finds these factors do not favor transfer.

**C. Interest of Justice**

The final factor is the interest of justice. "This factor is 'amorphous and somewhat subjective,' and allows a court to 'consider many things.'" *Kimber v. Plus3 IT Sys., LLC*, No. CV

ELH-18-3046, 2019 WL 1518970, at *6 (D. Md. Apr. 5, 2019). Relying on cases from this circuit, Defendants contend the interests of justice would be served by transfer because this is "a localized controversy" that should be decided in the judicial district of the USCIS service center that adjudicated Plaintiff's I-140 EB-1A petition. (ECF No. 5-1 at pp. 7–8.) Again, however, Defendants' position neglects the specific and central policy challenge raised in the Complaint. Indeed, inasmuch as Plaintiff's Complaint is not based on a fact-based challenge to USCIS's decision on his I-140 EB-1A petition, but instead application of the nationwide *Kazarian* policy, the merits of Plaintiff's claims rise or fall on his policy challenge. That nationwide policy challenge is far from a localized controversy. *See Udoh*, 2021 WL 5310543, at *3 (noting that, when USCIS headquarters were in D.C., "cases involving national immigration policies—and, in particular, policies developed or promulgated in the District of Columbia—are often maintained in this Court").

The nature of Plaintiff's claims separates it from the cases upon which Defendants rely and distinguishes it from the many well-reasoned decisions of this court finding that the public interest does not favor venue in Maryland solely because USCIS headquarters are here. *See, e.g.*, *Manne*, 2022 WL 102853, at *9; *Chakrabarti*, 2021 WL 4458899, at *6.

In view of the foregoing, the interests of justice do not favor transfer.

## IV. CONCLUSION AND ORDER

Upon consideration of the applicable factors, the court finds transfer is not warranted here. While it may be true that this action could have been brought in the Eastern or Northern District of Texas, Defendants have not met their burden to show that transfer to either of those districts is

warranted pursuant to 28 U.S.C. § 1404(a). The court will grant Defendants' request for extension of time to respond to the Complaint until 60 days following entry of this order.[1]

It is therefore this 4th day of November 2026,

**ORDERED** that the Motion shall be, and is hereby, **GRANTED in part** and **DENIED in part** as follows: **GRANTED** as to Defendants' request for extension of time to respond; and **DENIED** in all other respects;[2] and further it is

**ORDERED** that Defendants shall respond to the Complaint within 60 days following entry of this order.

/S/

__________________________
Julie R. Rubin
United States District Judge

[1] In view of the prolonged extension, no further extensions of this deadline will be granted absent extraordinary or otherwise compelling circumstances.

[2] Inasmuch as Plaintiff has pled this action in a way that necessitates that all of his claims be decided on the question of the lawfulness of USCIS's adoption of the *Kazarian* policy, it does not appear that a circumstance will arise where Plaintiff's claim regarding individualized adjudication of his I-140 EB-1A petition may proceed divorced from the *Kazarian* policy challenge. Nonetheless, should such a circumstance come to pass, Defendants remain entitled to renew their transfer request at that time.